T.C. Memo. 2008-113

UNITED STATES TAX COURT

SUZANNE T. BRAY, Petitioner $v$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21034-05L.                    Filed April 24, 2008.

Charles H. Magnuson, for petitioner.

Susan S. Hu, for respondent.

MEMORANDUM OPINION

MARVEL, Judge:  Pursuant to section 6330(d),[1] petitioner

seeks review of respondent's determination to proceed with the

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

collection of petitioner's 2000, 2001, and 2002 Federal income tax liabilities.

## Background

The parties submitted this case fully stipulated under Rule 122. We incorporate the stipulated facts and the accompanying exhibits into our findings by this reference. Petitioner resided in California when her petition was filed.

Petitioner failed to file a timely Federal income tax return for 2000. Respondent prepared a substitute return for 2000 under section 6020(b) and, on June 9, 2003, mailed petitioner a notice of deficiency for 2000. In the notice, respondent determined that petitioner was liable for an income tax deficiency of $19,131 and for additions to tax under sections 6651(a)(1) and (2) and 6654. Petitioner timely received the notice of deficiency but did not petition this Court with respect to her 2000 tax liability. On November 10, 2003, respondent assessed an income tax deficiency of $19,131, additions to tax under sections 6651(a)(1) and (2) and 6654, and interest and sent petitioner a notice of balance due.[2]

_____

[2] The Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for 2000 that was stipulated by the parties as Exhibit 2-J appears to conflict with the stipulation of fact regarding the assessment of petitioner's 2000 liability. Stipulation of facts par. 13 reflects that respondent's Examination Division made an assessment with respect to the substitute for return it executed for 2000 pursuant to sec. 6020(b), on or around Dec. 30, 2002. The Form 4340, however,

(continued...)

Petitioner also failed to file a timely Federal income tax return for 2001. Respondent prepared a substitute return for 2001 under section 6020(b) and, on or about June 14, 2004, mailed petitioner a notice of deficiency for 2001. In the notice, respondent determined that petitioner was liable for an income tax deficiency of $37,001 and for additions to tax under sections 6651(a)(1) and (2) and 6654. Petitioner timely received the notice of deficiency but did not petition this Court with respect to her 2001 tax liability.

On or around July 12, 2004, respondent received petitioner's Form 1040, U.S. Individual Income Tax Return, for 2000. Petitioner reported taxable income of $102,143 and a tax liability of $24,284. Respondent accepted petitioner's 2000 return, assessed additional tax of $5,153, and adjusted the assessments of the additions to tax under section 6651(a)(1) and (2) to reflect the information reported on the return.

On September 15, 2004, respondent received petitioner's Form 1040 for 2001. On the 2001 return, petitioner reported taxable income of $94,012 and a tax liability of $23,023. On December 20, 2004, respondent assessed a tax deficiency of $23,023,

---

²(...continued)
does not show that any tax or addition to tax was assessed with respect to petitioner's 2000 taxable year until Nov. 10, 2003, after respondent had issued petitioner a notice of deficiency for 2000. We conclude, on the totality of the evidence, that the first relevant assessments of tax, additions to tax, and interest for 2000 did not occur until Nov. 10, 2003.

additions to tax under section 6651(a)(1) and (2) of $5,178.60 and $3,797.64, respectively, and an addition to tax under section 6654 of $302, together with interest of $3,744.20, and sent petitioner a notice of balance due.

On September 15, 2004, respondent also received petitioner's Form 1040 for 2002. On or about October 11, 2004, respondent assessed a tax liability of $10,491 and a section 6654 addition to tax of $351 as shown on petitioner's 2002 return. Respondent also assessed additions to tax for 2002 under section 6651(a)(1) and (2) of $2,360.47 and $944.19, respectively, together with interest of $892, and sent petitioner a notice of balance due.

On or about March 17, 2005, respondent filed a notice of Federal tax lien with respect to petitioner's unpaid 2000, 2001, and 2002 tax liabilities. On March 24, 2005, respondent issued petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for petitioner's unpaid 2000, 2001, and 2002 Federal income tax liabilities. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. In a letter attached to her request petitioner stated that Boeing Aircraft Co. (Boeing), the former employer of petitioner's deceased husband, Garnett L. Bray (Mr. Bray), submitted to the Internal Revenue Service (IRS) Forms W-2, Wage and Tax Statement, for 2000 and 2002 reporting income to Mr. Bray of $33,700 and $38,949.75, respectively. According to petitioner, those amounts

were erroneous because petitioner did not receive the payments reported by Boeing, and more importantly, Mr. Bray died on May 24, 1999, and thus was not a Boeing employee during those years.

On September 28, 2005, the hearing officer to whom petitioner's case was assigned conducted a telephone section 6320 hearing (hearing) with petitioner's representative.[3] During the hearing, the hearing officer informed petitioner's representative that all procedural requirements had been met in filing the Federal tax lien.[4] Petitioner's representative did not raise any spousal defenses or offer any collection alternatives to respondent except the possibility of submitting an offer-in-compromise (OIC). The hearing officer provided information to petitioner's representative with regard to submitting an OIC, but petitioner did not pursue this option.[5]

---

[3] The notice of determination states that petitioner's authorized representative agreed to a telephone hearing in lieu of a face-to-face hearing.

[4] The parties stipulated that the hearing officer confirmed and verified that petitioner received the requisite notice and demand for payment, see sec. 6303, and that the hearing officer complied with the verification requirement of sec. 6330(c)(1).

[5] The supporting statement attached to the notice of determination states the following with respect to petitioner's announced intention to submit an OIC:

The power of attorney stated that he plans to file an offer in compromise as the taxpayer's collection alternative. The Settlement Officer was under the impression that the offer was in the process of being completed for consideration. Appeals advised the power

(continued...)

Although respondent maintains that petitioner's 2000 underlying tax liability was not properly at issue during petitioner's hearing, the hearing officer nevertheless determined that Boeing erroneously reported to the IRS the $33,700 in wages for Mr. Bray for that year.[6] Because petitioner had included that amount in income on her 2000 return, the hearing officer advised petitioner's representative to file a Form 1040X, Amended U.S. Individual Income Tax Return, to change the adjusted gross income listed on petitioner's previously filed 2000 return.[7] Following the hearing, petitioner filed an amended 2000 return, and as a result, respondent abated $10,452 of petitioner's 2000 tax liability and made corresponding adjustments to the amounts assessed under section 6651(a)(1) and (2).

---

[5](...continued)
of attorney that a 60 day delay prior to the commencement of enforced collections is not unreasonable while he pursues the offer outside the CDP arena. The hearing is the end of the process and Appeals will not hold this appeal open any longer.

The appropriateness of the hearing officer's action regarding the proposed OIC is not one of the stipulated issues.

[6] Petitioner does not argue that respondent's position regarding petitioner's ability to challenge the underlying tax liability for 2000 is impeached by the hearing officer's decision to adjust Mr. Bray's income for 2000. See Behling v. Commissioner, 118 T.C. 572 (2002).

[7] The hearing officer acknowledged that Boeing also mistakenly reported the $38,949 in wages for Mr. Bray in 2002 but that this error by Boeing did not affect respondent's assessment of petitioner's 2002 tax liability because petitioner did not include this amount in income on her 2002 return.

On October 11, 2005, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the filing of the notice of Federal tax lien for 2000, 2001, and 2002.

On November 8, 2005, petitioner timely petitioned this Court challenging respondent's determination.[8]  Petitioner argues that the additions to tax and interest attributable to 2000, 2001, and 2002 should be abated.[9]  According to petitioner, she is not liable for the additions to tax and interest amounts for 2000, 2001, and 2002 because she had reasonable cause for her filing and payment delays.[10]  Petitioner contends that Boeing assumed responsibility for preparing her 2000 return and submitting it to her for filing.  Accordingly, petitioner claims that Boeing is responsible for the delay in filing and payment with respect to 2000.  Petitioner further argues that Boeing's delay in preparing her 2000 return prevented her from timely meeting her filing and payment obligations for 2001 and 2002.  Petitioner concludes that

---

[8] Petitioner filed an amended petition on Feb. 15, 2006, and a second amended petition on Apr. 21, 2006.

[9] The parties agree that petitioner's underlying tax liabilities for 2000, 2001, and 2002, excluding any additions to tax and accrued interest, are $13,832, $23,023, and $10,491, respectively.

[10] While petitioner argues in her petition that respondent should abate interest for 2000, 2001, and 2002, the parties stipulated that the only issues for decision concern petitioner's liability for the additions to tax under sec. 6651(a)(1) and (2) and sec. 6654.

the Appeals Office's determination to uphold the validity of the notice of Federal tax lien should not be sustained.

Discussion

I.   Collection Hearing Procedure

Section 6321 imposes a lien on all property and property rights of a taxpayer liable for taxes where a demand for the payment of the taxes has been made and the taxpayer fails to pay those taxes.  Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.  Section 6320(b) affords the taxpayer the right to a fair hearing before an impartial hearing officer.  Section 6320(c) requires that the administrative hearing be conducted pursuant to section 6330(c), (d) (other than paragraph (2)(B) thereof), and (e).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded, however, from contesting the existence or amount of the underlying tax liability unless the taxpayer failed to receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office is required to issue a notice of determination regarding the validity of the filed Federal tax lien. In making a determination, the Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3). If the taxpayer disagrees with the Appeals Office's determination, the taxpayer may seek judicial review by appealing to this Court. Sec. 6330(d). Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Sego v. Commissioner, supra at 610. Where the underlying tax liability is not properly at issue, the Court will review the administrative determination of the Appeals Office for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). The Appeals Office abuses its discretion if its determination is exercised "arbitrarily, capriciously, or without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

II.  Validity of Notice of Federal Tax Lien

Petitioner argues that we should reverse the Appeals Office's determination upholding the validity of the notice of Federal tax lien and abate the additions to tax relating to her unpaid tax liabilities for 2000, 2001, and 2002.  Petitioner contends that the additions to tax should be abated because she (1) had reasonable cause under section 6651(a)(1) for failing to timely file her 2000, 2001, and 2002 returns, (2) had reasonable cause under section 6651(a)(2) for failing to pay her 2000, 2001, and 2002 tax liabilities by their respective due dates, and (3) is not liable for the addition to tax under section 6654 for failure to make estimated tax payments for 2000, 2001, or 2002. According to petitioner, she lived with Mr. Bray in various locations outside the United States while he worked for Boeing. During Mr. Bray's employment with Boeing, Boeing handled the couple's tax preparations and filings through a corporate filing program extended to its overseas employees.  Petitioner contends that at the time of her husband's death, she had no experience with domestic taxing authorities.  Petitioner asserts that, in view of the difficult circumstances surrounding her husband's death, she asked Boeing to prepare and file her 1999 and 2000 Federal income tax returns.  Petitioner claims that Boeing assumed responsibility for filing her 1999 and 2000 returns and, accordingly, is responsible for the late filing of her 2000

return.  Petitioner further states that she failed to file timely 2001 and 2002 returns because she believed that she could not file those returns until her 2000 return was filed.

A.  2000 and 2001

Petitioner's only arguments with respect to 2000 and 2001 concern her liability for the additions to tax.  Petitioner's arguments constitute challenges to her underlying tax liability for those years.  See Katz v. Commissioner, 115 T.C. 329, 339 (2000) (underlying tax liability includes tax deficiency, additions to tax, and interest); see also Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004).  Because petitioner concedes that she received notices of deficiency for 2000 and 2001, she is precluded by section 6330(c)(2)(B) from contesting her underlying tax liability for those years.  Accordingly, we review the Appeals Office's determination to uphold the filing of the notice of Federal tax lien with respect to 2000 and 2001 for abuse of discretion.

The hearing officer verified that all requirements of applicable law or administrative procedures were met.  The hearing officer verified that the proper assessments were made and that notice and demand for payment was sent to petitioner's last known address.  In response to petitioner's request the hearing officer conducted a hearing with petitioner's representative.  At the hearing petitioner's representative did

not raise any spousal defenses or provide any arguments regarding the appropriateness of the collection action. Petitioner's representative also failed to offer any collection alternatives at the hearing. Although the prospect of an OIC was discussed with the hearing officer at the hearing, petitioner did not submit such an offer either during the hearing process or during a reasonable period after the hearing.[11] The hearing officer concluded that the filing of the notice of Federal tax lien balanced the need for efficient collection of taxes with petitioner's concerns that the collection action be no more intrusive than necessary. Accordingly, we conclude that the hearing officer did not abuse her discretion in sustaining the filing of the notice of Federal tax lien for 2000 and 2001.

B. 2002

Petitioner did not receive a notice of deficiency for 2002. Petitioner's underlying 2002 tax liability was thus properly at issue at her hearing, and we review respondent's determination with respect to the 2002 additions to tax de novo.[12]

_____

[11] Petitioner has waived any argument that she might have had regarding the manner in which the hearing officer dealt with petitioner's announced intention to submit an OIC by not including the issue in the stipulated issues to be decided by this Court.

[12] Respondent concedes that petitioner's 2002 tax liability is subject to de novo review.

Under section 7491(c), respondent is required to carry the burden of producing evidence to support the imposition of an addition to tax.  To meet this burden, respondent must come forward with sufficient evidence indicating that it is appropriate to impose the addition to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  After respondent meets his burden of production, petitioner must come forward with sufficient evidence to persuade the Court that respondent's determination is incorrect.  Id. at 446-447.  Notwithstanding section 7491(c), petitioner bears the burden of producing evidence to demonstrate reasonable cause.  Id.

1.  Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a timely Federal income tax return unless the taxpayer can demonstrate that such failure is due to reasonable cause and not due to willful neglect.[13]  Reasonable cause for the failure to file a timely return exists if the taxpayer exercised ordinary business care and prudence but was unable to file the return within the time prescribed by law.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

---

[13] The amount of the addition to tax is 5 percent of the amount required to be shown as tax on the return for each month that the delinquency continues, up to a maximum of 25 percent. Sec. 6651(a)(1).

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(1) for 2002. The parties stipulated that petitioner filed her 2002 return on September 15, 2004, over a year after its due date. We thus conclude that respondent has produced sufficient evidence to demonstrate that the section 6651(a)(1) addition to tax is appropriate. See Higbee v. Commissioner, supra at 447.

Petitioner argues that she had reasonable cause for failing to file a timely 2002 return because she believed that she could not file the return until she filed her 2000 return. According to petitioner, Boeing, which petitioner contends assumed responsibility for filing her 2000 return, did not complete the preparation of her 2000 return until June 14, 2004. Consequently, the IRS did not receive petitioner's 2000 return until July 21, 2004, several years after its due date. Petitioner filed her 2002 return approximately 2 months after filing her 2000 return.

A taxpayer's mistaken belief that no return is required under the law does not necessarily constitute reasonable cause for failure to file a return. See Beck Chem. Equip. Corp. v. Commissioner, 27 T.C. 840, 860 (1957); P. Dougherty Co. v. Commissioner, 5 T.C. 791, 800 (1945), affd. 159 F.2d 269 (4th Cir. 1946). A taxpayer who deliberately fails to file a return must use reasonable care to ascertain that no return was

necessary.[14] See <u>Beck Chem. Equip. Corp. v. Commissioner</u>, <u>supra</u> at 858-860. There is no evidence that petitioner used reasonable care in deciding not to file her 2002 return on time. Petitioner offered no evidence that she sought out or received professional advice indicating that she was precluded from filing her 2002 return on time. Petitioner provided no explanation for her erroneous conclusion that she could not file her 2002 return until her 2000 return was filed. Furthermore, petitioner's mistaken belief regarding her inability to file her 2002 return was based on her incorrect assumption that Boeing, and not she, was responsible for the delinquent filing of her 2000 return.[15] We conclude, therefore, that petitioner did not have reasonable cause for failing to file a timely 2002 return.

---

[14] The Supreme Court recognized in <u>United States v. Boyle</u>, 469 U.S. 241, 250-251 & n.9 (1985), that reasonable reliance on the advice of a tax adviser that no return is required to be filed may constitute reasonable cause for a failure to file the return. See also <u>Zabolotny v. Commissioner</u>, 97 T.C. 385, 400-401 (1991) (reasonable reliance on a tax adviser that no return is required to be filed may constitute reasonable cause), affd. in part and revd. in part on other grounds 7 F.3d 774 (8th Cir. 1993).

[15] Even if petitioner's underlying tax liability for 2000 were properly at issue, petitioner's reliance on Boeing to file her 2000 return is not reasonable cause under the well-established principle that the failure to file a timely return is not excused by the taxpayer's reliance on an agent to file a required return. See <u>United States v. Boyle</u>, <u>supra</u> at 252.

2.  Section 6651(a)(2)

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on the taxpayer's Federal income tax return on or before the payment due date, unless such failure is due to reasonable cause and not due to willful neglect.[16]  A failure to pay will be considered due to reasonable cause if the taxpayer makes a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer undue hardship if he paid on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(2) for 2002.  The parties stipulated that petitioner filed her 2002 return on September 15, 2004, over a year after its due date.  Petitioner's 2002 return showed a tax liability of $10,491.  Petitioner has not paid any of the amount owed.  We thus conclude that respondent has produced sufficient evidence to demonstrate that petitioner is liable for the section 6651(a)(2) addition to tax.  See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006).

---

[16] The sec. 6651(a)(2) addition to tax is 0.5 percent of the amount of tax shown on the return, with an additional 0.5 percent per month during which the failure to pay continues, up to a maximum of 25 percent.

Petitioner asserts the same reasonable cause argument for the section 6651(a)(2) addition to tax that she asserts for the section 6651(a)(1) addition to tax--her mistaken belief that she could not file her 2002 return until she filed her 2000 return.[17] Petitioner, however, did not offer any evidence that she was unable to pay the tax owed or that she would have suffered undue hardship if she had paid the tax on the due date. Accordingly, we hold that petitioner did not have reasonable cause for failing to pay her 2002 tax liability when due.

### 3. Section 6654

Section 6654(a) imposes an addition to tax for the underpayment of any installment of estimated tax.[18] The addition to tax under section 6654 is calculated by applying the section 6621 underpayment rate to the amount of the estimated tax underpayment for the period of the underpayment. Sec. 6654(a) and (b). Except as provided in section 6654(e)(3)(B), no reasonable cause exception exists for the section 6654(a)

---

[17] Petitioner offers no explanation as to why she did not remit payment after she filed her 2002 return.

[18] Sec. 6654(c)(1) requires the payment of four installments of a taxpayer's estimated tax liability for each taxable year. Each required installment of estimated tax is equal to 25 percent of the required annual payment. Sec. 6654(d)(1)(A). The required annual payment is generally equal to the lesser of: (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B).

addition to tax.  However, no addition to tax is imposed under section 6654(a) with respect to any underpayment to the extent the Secretary determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity or good conscience.  Sec. 6654(e)(3)(A).  Additionally, no addition to tax is imposed under section 6654(a) with respect to any underpayment if the Secretary determines that the taxpayer retired (after reaching age 62) or became disabled in either the taxable year for which estimated tax payments were required or in the taxable year preceding such year and such underpayment was due to reasonable cause and not to willful neglect.  Sec. 6654(e)(3)(B).

Respondent's burden of production under section 7491(c) requires him to produce evidence that petitioner had a required annual payment for 2002 under section 6654(d).  See Wheeler v. Commissioner, supra at 211.  The parties stipulated that petitioner filed both a 2002 return and a return for the preceding tax year, 2001.  On the basis of this information we are able to determine that petitioner had a required annual payment for 2002 that was payable in installments under section 6654.  Cf. id. at 211-212 (Court unable to conclude that taxpayer had a required annual payment because no evidence that taxpayer filed a return for the preceding taxable year).  Petitioner did not make any estimated tax payments for 2002.  We conclude that

respondent has produced sufficient evidence to demonstrate that petitioner is liable for the section 6654 addition to tax.

Petitioner argues that she is not liable for the addition to tax under section 6654. Petitioner again asserts that she relied on Boeing to file her 2000 return and that she mistakenly believed that she had to file her 2000 return before she could file her 2002 return. Petitioner, however, does not directly address why she failed to make the estimated tax payments required for 2002. Moreover, we are not persuaded that the section 6654 addition to tax should be waived under section 6654(e). Petitioner does not claim that she retired or became disabled in 2002. Moreover, the record does not establish that petitioner's failure to make estimated tax payments in 2002 was due to casualty, disaster, or other unusual circumstances, and we are not persuaded that the imposition of the section 6654 addition to tax would be against equity and good conscience. We conclude that petitioner is liable for the section 6654 addition to tax for 2002.

We have considered all the other arguments made by the parties, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.